Hon. Robert J. Bryan

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| NATHEN BARTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ASSET REALTY, LLC, and<br>PIPELINEPLATFORM.COM LLC<br><br>　　　　　Defendants. | Case No: 3:21-cv-05462-RJB<br><br>**DEFENDANTS' JOINT MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br>**(Fed. R. Civ. P. 12(b)(6))**<br><br>**NOTE ON MOTION CALENDAR:**<br>**September 24, 2021** |

## I.　Introduction

Defendants Asset Realty, LLC and PipelinePlatform.com, LLC bring this joint motion requesting that the Court dismiss Plaintiff's Complaint in its entirety with prejudice for failure to state a claim on which relief can be granted, in accordance with Fed. R. Civ. P. 12(b)(6).

Plaintiff Nathen Barton is currently a Plaintiff in seven different actions pending before this Court, proceeding *pro se* in all of them, and every one of which alleges violations of the Telephone Consumer Protection Act (TCPA). These cases are as follows:

| 3:21-cv-05338-BHS | *Barton v. Serve All Help All Inc et al* | filed 05/07/21 |
|---|---|---|
| 3:21-cv-05372-BHS-TLF | *Barton v. LeadPoint Inc et al* | filed 05/19/21 |
| 3:21-cv-05423-BHS | *Barton v. DirecTV LLC* | filed 06/04/21 |
| 3:21-cv-05462-RJB | *Barton v. Asset Realty LLC et al* | filed 06/25/21 |
| 3:21-cv-05485-BHS | *Barton v. The Rian Group Inc et al* | filed 07/06/21 |

| 3:21-cv-05509-RJB | *Barton v. JMS Associate Marketing LLC et al* | filed 07/15/21 |
| 3:21-cv-05610-RJB | *Barton v. Delfgauw et al* | filed 08/23/21 |

LeadPoint, Inc. and Reliance First Capital, LLC, defendants in No. 3:21-cv-05372-BHS-TLF, have called Plaintiff "a posterchild for TCPA litigation abuse" in their pending joint motion to dismiss. ECF no. 33 at 6 of 21.[1]

## II.     Plaintiff's Factual Allegations

Plaintiff alleges that he has a cell phone number with a 972 area code and that he "uses it as a normal residential telephone subscriber would." Compl. at 2:21-23 [ECF no. 1]. He further alleges that this number "was registered on the FTC do-not-call registry more than 31 days before January 14, 2021." Compl. at 3:1-3. His Complaint also alleges receiving three phone calls to this phone number from Century21 Northwest Realty regarding a property of his for sale by owner between January 14, 2021 (the date of the first call) and June 10, 2021 (the date of the third and last call). Compl. at 3-6.

The Complaint purports to provide links to audio recordings of all three calls, with audio available on the Internet, although both of the first two URL's lead to the same audio of the January 14, 2021 call. Compl. at 4:11-12, 5:4, and 6:1-2. During the first call, the following statements were made at various times (time stamps correspond to those shown when the audio is played online; the first audio recording begins with a ring tone and the call itself does not commence until a few seconds later):

> 0:08 C21 caller: "Hi Nathen this is Sheila and I'm calling about your property over there at [street address]. I'd just like to ask if this property's still for sale?"

---

[1] "A court may take judicial notice of the authenticity and existence of pleadings in other actions." *California Dairies Inc. v. RSUI Indem. Co*., 617 F.Supp.2d 1023, 1027 n.1 (E.D. Cal. 2009); Fed. R. Evid. 201(b) and (c)(2). *See* exhibits attached to supporting declaration of Robert Cadranell, filed herewith. In addition to the actions in the Western District of Washington, Plaintiff has filed at least 11 actions in Clark County, Washington between October 2020 and April 2021.

> 0:19 Plaintiff: "It's an investment property so we're always willing to entertain offers. But if you're calling to sell us something or be our agent, then we're not interested."
> 0:32 C21 caller: "Actually Nathen I'm from Century21 Northwest and we saw your property came off the market and been wondering what's stopping your property from getting sold."
> 0:59 C21 caller: "So actually sir, I just would like to ask what's stopping you to sell this property with an agent?"
> 2:01 Plaintiff: "Why don't you leave me your name and number, and then if we want to follow up, then we'll follow up?"
> 2:48 C21 caller: "I'll just need 15 minutes to have my manager to call me back within an hour to set an appointment with our agent."
> 3:02 Plaintiff: "We would actually prefer to not be called, and for you to maybe put us on a, maybe a do not call list?"

Regarding the second call, which Plaintiff alleges occurred on February 3, 2021, although the correct audio recording is not referenced in the pleading, Plaintiff alleges that this call was also from Century 21 and apparently regarding the same property and that the "caller did not identify the purpose of the call with in the first 30 seconds of initiating the call." Compl. at 4-5.

Plaintiff alleges a third call occurred, on June 10, 2021. Compl. at 5:19-6:2. Plaintiff's audio recording includes the following exchange:

> 0:00 Plaintiff: "This is Nathen."
> 0:04 C21 caller: "Yes [unclear] good afternoon Nathen, this is Michelle, with Century21 Northwest on a recorded line. I'm calling about the property over there at [street address]. I'm calling to check if you would consider selling the property."
> 0:19 Plaintiff: "Yeah, I don't think, I don't think we're looking to sell."
> 0:24 C21 caller: "I see. If I may ask, Nathen, if you were to get an offer of the property at this point would you be willing to take it?"
> 0:31 Plaintiff: "Yeah, I think at the, at this point, it's off the market."
> 0:36 C21 caller: "Mm-hmm, I see, I understand. Thank you so much, Nathen. I appreciate your time. Have a wonderful evening."
> 0:41 Plaintiff: "Oh, if we want, if we change our mind, how would we get ahold of you? Like, do you have investors, what, what, what would be the, what would be the, what would, how would we sell through you?"
> 0:56 C21 caller: "Yes, the reason I'm calling is that we actually have a database of people [unclear] buyers actively looking to [unclear] in your area…"

### III. Legal Authority and Argument

**A. Legal Standard on Motion to Dismiss for Failure to State a Claim**

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007). Only a complaint that states a plausible claim for relief survives a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A pleading must give the defendant fair notice of what the claim is and the grounds upon which it rests. *Twombly*, 550 U.S. at 545. Although for purposes of a motion to dismiss a court must take all factual allegations in the complaint as true, a court is not bound to accept any legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. at 678. Rule 12(b)(6) requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id*. A court is not required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*.

The incorporation by reference doctrine permits a court deciding a motion to dismiss for failure to state a claim to consider documents incorporated by reference, but not physically attached to the complaint, if they are central to the plaintiff's claim and no party questions their authenticity. *Grant v. Aurora Loan Services, Inc.*, 736 F.Supp.2d 1257, 1264 n.37 (C.D. Cal.

2010). The Ninth Circuit has held that Courts may take into consideration information posted on webpages that a Plaintiff references and quotes in a Complaint. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

### B. Plaintiff's facts and causes of action do not state a claim for a violation of the TCPA.

Plaintiff claims that "Defendant violated the TCPA 47 U.S.C. § 227(c)(5)." Compl. at 7. § 227(c)(5) provides for a private right of action, stating that a "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity" in violation of certain regulations may bring specified actions in an appropriate court. § 227(c)(5) does not prohibit or require anything, and Plaintiff has not pleaded facts showing how Defendants could have violated this statute. Plaintiff's § 227(c)(5) claim therefore fails.

Although Plaintiff has not cited 47 C.F.R. 64.1200(c)(2), this regulation does prohibit a "telephone solicitation" to "a <u>residential</u> telephone subscriber who has registered his or her telephone number on the national do-not-call registry...." 47 C.F.R. § 64.1200(c)(2)(e) (emphasis added). If Plaintiff argues that he alleged a claim under the regulation, the argument is moot because any purported claim fails. Although Plaintiff alleges that he uses his 972-area code phone number "as a normal residential telephone subscriber would," he also alleges that his cell phone "is a Protected Computer as it is used in a manner that affects interstate or foreign commerce or communication," Compl. at 2:21-24. Plaintiff does not allege that this number was not used for any business purpose, going only so far as to allege that he "has never advertised the phone number in question as a business telephone line." Compl. at 7.

Plaintiff pleads that he placed the 972 number in real estate listings of properties for sale by owner, where Defendants found it and telephoned him "three times." Compl. at 3:13-17. Plaintiff's pleadings suggest that he has as one purpose for doing so luring businesses (such as Defendants) into calling his 972 number which is held out as a contact telephone number,

so that Plaintiff can bring TCPA actions against those who call him. Defendants point to Plaintiff's many pending TCPA actions to show that Plaintiff is abusing the TCPA by attempting to turn it into a profit generating scheme, as was done in *Stoops v. Wells Fargo Bank*, N.A., 197 F. Supp. 3d 782, 788 (W.D. Pa. 2016).

When the calls occurred, Mr. Barton did not immediately hang up or unequivocally ask to be placed on a do not call list. Instead, he engaged the caller in conversation, made hesitant, waffling, and unclear requests to be placed on an internal do not call list ("maybe put us on a, maybe a do not call list") and even attempted to prolong the calls with questions seemingly showing interest in Defendants' services (C21: "I appreciate your time. Have a wonderful evening." Plaintiff: "Oh, if we want, if we change our mind, how would we get ahold of you? Like, do you have investors, what, what, what would be the, what would be the, what would, how would we sell through you?" in the third call and "Why don't you leave me your name and number, and then if we want to follow up, then we'll follow up?" in the first call).

In *Stoops*, the Plaintiff maintained multiple phone numbers and tracked and recorded incoming calls. 197 F.Supp.3d at 788. Although she occasionally informed a caller to stop calling, she actually intended for calls to continue because she could increase her damages under the TCPA if she could show knowing and willful violations. *Id*. She filed at least eleven TCPA cases in the same jurisdiction. *Id*. The *Stoops* court stated,

> it is unfathomable that Congress considered a consumer who files TCPA actions as a business when it enacted the TCPA as a result of its "outrage over the proliferation of prerecorded telemarketing calls to private residences, which consumers regarded as an intrusive invasion of privacy and a nuisance." *Leyse*, 804 F.3d at 325 (internal quotations and alterations omitted).
>
> Because Plaintiff does not have "the sort of interest in privacy, peace, and quiet that Congress intended to protect," *id*. at 326, the Court finds that she has failed to establish that the injury she complains of "falls within the zone of interests sought to be protected by the statutory provision whose violation forms the legal basis for [her] complaint,"

The court concluded that not only did Stoops lack constitutional standing, but she also lacked prudential standing; because both constitutional and prudential standing must be established before a litigant may seek redress in the federal courts, the *Stoops* court granted Defendant's motion for summary judgment. 197 F.Supp.3d at 806.

Mr. Barton is a similar Plaintiff. He maintains multiple phone numbers; in addition to the 972 number he has one with a 718 area code which he has pleaded exists to aid him in generating lawsuits (3:21-cv-05372, First Am. Compl., ECF no. 31, Attachment #1 at 3:23-4:1, "Plaintiff… obtained this phone and phone number to use in his individual capacity for noncommercial judicial branch advocacy.") He makes audio recordings of incoming calls; indeed, his Complaint states that he made full and complete recordings of all three phone calls he has pleaded are at issue in this litigation. On the one hand, he made a waffling and equivocal request not to receive further calls, but on the other hand he prolonged calls by asking questions about services and how he could reach the caller, even persisting, in the case of the third call, when the caller attempted to end the phone conversation. Finally, he is simultaneously pursing seven different actions for TCPA violations in this district, the most recent of which was filed just one week ago, on August 23, 2020 (*Barton v. Delfgauw et al.*, no. 3:21-cv-05610-RJB).

**C.  Plaintiff has failed to state a claim under Chapter 19.158 RCW.**

Chapter 19.158 RCW governs commercial telephone solicitation. Plaintiff has alleged that (1) neither Defendant has a "Commercial Telephone Solicitor" endorsement on its business license as required by RCW 19.158.050, Compl. at 6:4-12; (2) Defendants did not identify the services being sold in the first 60 seconds of any of the three telephone calls as required by RCW 19.158.110(1), Compl. at 8:17-9:4; (3) the first caller (January 14, 2021 call) did not end the call within the 10 seconds required by RCW 19.158.110(1), Compl. at 8:23-9:1; (4) he made a request during the January 14, 2021 telephone call sufficient to trigger the requirement under

RCW 19.158.110(2) that the caller not make any additional telephone solicitation to that number within the next year. Compl. at 9:5-14.

### 1. Chapter 19.158 RCW does not apply to real estate brokers, and Defendants are real estate brokers.

Chapter 19.158 RCW governs commercial telephone solicitation. RCW 19.158.020(1) defines "commercial telephone solicitor" and RCW 19.158.020(2) defines "[c]ommercial telephone solicitation." However, RCW 19.158.020(3)(f) states that a "commercial telephone solicitor" does *not* include "A person[2] licensed under *RCW 18.85.090 when the solicited transaction is governed by that law." The footnote reads, "*(1) RCW 18.85.090 was recodified as RCW 18.85.101 pursuant to 2008 c 23 § 49, effective July 1, 2010." RCW 18.85.101 is a statute describing *licensed real estate brokers*.

Plaintiff's complaint alleges that "Asset is a real estate company," that "Asset and/or Pipeline telephone solicits… to sell real estate agent services," and that Asset does business as Century21 Northwest. Compl. at 3. Plaintiff alleges that all three phone calls at issue solicited real estate agent services from Century 21 Northwest Realty. Compl. at 3:20, 4:14-15, and 5:20. Because Chapter 19.158 RCW is a statutory scheme governing commercial telephone solicitation, because RCW 19.158.020(3)(f) states that licensed real estate brokers are not commercial telephone solicitors to which the statutory scheme applies, and because Plaintiff has alleged Defendants are real estate brokers who allegedly made three calls to sell real estate agent services, Plaintiff cannot be granted any relief on his claims for violations of Chapter 19.158 RCW.

### 2. Because Plaintiff has not pleaded any actual damages, the Court cannot provide relief under Chapter 19.158 RCW.

Even if Chapter 19.158 RCW did apply to licensed real estate brokers, the Court still could not grant relief to Plaintiff. RCW 19.158.150 and 160 provide for prosecution of certain misdemeanors, gross misdemeanors, and class C felonies, but such prosecution requires a state

---

[2] Chapter 19.158 RCW defines "person" very broadly to include "any individual, firm, association, corporation, partnership, joint venture, sole proprietorship, or any other business entity." RCW 19.58.020(8).

actor, which Plaintiff is not. There is however a private right of action under RCW 19.158.130, which states,

> In addition to any other penalties or remedies under chapter 19.86 RCW, a person who is injured by a violation of this chapter may bring an action for *recovery of actual damages, including court costs and attorneys' fees*. No provision in this chapter shall be construed to limit any right or remedy provided under chapter 19.86 RCW.

(emphasis added). Actual damages are defined as, "An amount awarded to a complainant to compensate for a proven injury or loss; damages that repay actual losses." Black's Law Dictionary, 8th Ed. 2004. Plaintiff's complaint does not allege any actual damages, therefore the Court can grant no relief for a violation under Chapter 19.158 RCW.

**3. Even if RCW 19.158.110(1) did apply, the facts pleaded do not show a violation.**
RCW 19.158.110(1)(a) requires a commercial telephone solicitor or salesperson to, within the first minute of a call, "identify himself or herself, the company on whose behalf the solicitation is being made, the property, goods, or services being sold." In call #1, the caller identified herself and the company within the first minute, and provided enough information to identify the service:

> 0:08 C21 caller: "Hi Nathen this is Sheila and I'm calling about your property over there at [street address]. I'd just like to ask if this property's still for sale?"
> 0:32 C21 caller: "Actually Nathen I'm from Century21 Northwest and we saw your property came off the market and been wondering what's stopping your property from getting sold."
> 0:59 C21 caller: "So actually sir, I just would like to ask what's stopping you to sell this property with an agent?"

As to call #2, the Complaint provides, apparently in error, a URL pointing to the recording of the first call. Here, the Complaint alleges that the "caller did not identify the purpose of the call within the first 30 seconds of initiating the call." RCW 19.158.110(1), even if it did apply to real estate brokers, requires this identification to be made during the first *minute*; the Complaint includes no allegation that this did not occur during the first minute.

As to call #3, the recording at the URL in the Complaint includes the following:

> 0:00 Plaintiff: "This is Nathen."

> 0:04 C21 caller: "Yes [unclear] good afternoon Nathen, this is Michelle, with Century21 Northwest on a recorded line. I'm calling about the property over there at [street address]. I'm calling to check if you would consider selling the property."
> 0:19 Plaintiff: "Yeah, I don't think, I don't think we're looking to sell."
> 0:24 C21 caller: "I see. If I may ask, Nathen, if you were to get an offer of the property at this point would you be willing to take it?"
> 0:31 Plaintiff: "Yeah, I think at the, at this point, it's off the market."
> 0:36 C21 caller: "Mm-hmm, I see, I understand. Thank you so much, Nathen. I appreciate your time. Have a wonderful evening."
> 0:41 Plaintiff: "Oh, if we want, if we change our mind, how would we get ahold of you? Like, do you have investors, what, what, what would be the, what would be the, what would, how would we sell through you?"
> 0:56 C21 caller: "Yes, the reason I'm calling is that we actually have a database of people [unclear] buyers actively looking to [unclear] in your area…"

Thus the caller actually tried to *end* the phone call at 0:36, before the first minute had even expired, and it was *Plaintiff* who kept her on the line with questions about her company's services, which she then answered for him. He now alleges that the caller did not identify the company's services within the first minute, when the call would not have even lasted that long without Plaintiff's questions. Therefore, even if Chapter 19.158 did apply to real estate brokers, Plaintiff's allegations regarding call #3 do not allege sufficient facts to support a claim.

**4. Plaintiff made no clear statement during the first call that he wanted to end it.**

RCW 19.158.110(1)(b) requires a commercial telephone solicitor or salesperson to "[t]erminate the telephone call within ten seconds if the purchaser indicates he or she does not wish to continue the conversation." Plaintiff claims this requirement was not followed in the first of the three calls. However, even if Chapter 19.158 did apply, which it does not, during the first call, Plaintiff made no clear statement that he wanted to end the call. Instead, he engaged the caller in conversation, and at 2:01 he even said, "Why don't you leave me your name and number, and then if we want to follow up, then we'll follow up?" When he finally said "Goodbye" at 3:32, the call abruptly ended. Thus Plaintiff fails to state a claim for violation of RCW 19.158.110(1)(b).

**5. During the first call, Plaintiff made no clear request to be put on a do not call list.**

Plaintiff alleges in his complaint that he made a request during the January 14, 2021 telephone call sufficient to trigger the requirement under RCW 19.158.110(2) that the caller not make any additional telephone solicitation to that number within the next year. RCW 19.158.110(2) requires that a purchaser "state[] or indicate[] that he or she does not wish to be called again by the commercial telephone solicitor or wants to have his or her name and individual telephone number removed from the telephone lists used by the commercial telephone solicitor." Even if Chapter 19.158 applied here, Plaintiff made no such clear request or indication. The caller offered to have her manager call Plaintiff back, to which he responded at 3:02, "We would actually prefer to not be called, and for you to maybe put us on a, maybe a do not call list?" Plaintiff used the word "maybe" twice, making it unclear whether he wanted to be added to a do not call list, or not. Plaintiff fails to state a claim for violation of RCW 19.158.110(2).

**D. Plaintiff has not stated a claim under Chapter 19.86 RCW.**

Plaintiff seeks triple damages under Chapter 19.86 RCW, Washington's Unfair Business Practices – Consumer Protection act, for Defendants' alleged violation of provisions under Chapter 19.158. Compl. at 10:22-24.

As argued above, Chapter 19.158 does not apply to real estate brokers, and even if it did, there was no violation. However, even if Chapter 19.158 did apply and even it had been violated, Chapter 19.86 RCW does not provide for damages for any and every violation of a provision of Chapter 19.158. There must have been, for example "fraudulent commercial telephone solicitation," as contemplated by RCW 19.158.010, which is not alleged here. RCW 19.86.020 for example requires a showing of "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce," which is not alleged here. The Unfair Business Practices act provides for a private cause of action, as follows:

> Any person who is injured in his or her business or property by *a violation of RCW 19.86.020, 19.86.030, 19.86.040, 19.86.050, or 19.86.060*, or any person

so injured because he or she refuses to accede to a proposal for an arrangement which, if consummated, would be in *violation of RCW 19.86.030, 19.86.040, 19.86.050, or 19.86.060*, may bring a civil action in superior court to enjoin further violations, to recover the actual damages sustained by him or her, or both, together with the costs of the suit, including a reasonable attorney's fee. In addition, the court may, in its discretion, increase the award of damages up to an amount not to exceed three times the actual damages sustained: PROVIDED, That such increased damage award for violation of RCW 19.86.020 may not exceed twenty-five thousand dollars: PROVIDED FURTHER, That such person may bring a civil action in the district court to recover his or her actual damages, except for damages which exceed the amount specified in RCW 3.66.020, and the costs of the suit, including reasonable attorney's fees. The district court may, in its discretion, increase the award of damages to an amount not more than three times the actual damages sustained, but such increased damage award shall not exceed twenty-five thousand dollars. For the purpose of this section, "person" includes the counties, municipalities, and all political subdivisions of this state.

RCW 19.86.090 (emphasis added). Although RCW 19.86.023 states that "[a]ny violation of RCW 15.86.030 shall also constitute a violation under RCW 19.86.020," no similar blanket provision sweeps every violation of Chapter 19.158 RCW under the ambit of the Unfair Business Practices act. Furthermore, Plaintiff has alleged no unfair or deceptive practice or other violation of the Unfair Business Practices act. Plaintiff's claim for damages under Chapter 19.86 RCW fails and such claim should be dismissed.

**E. The Court should strike Plaintiff's claims for punitive damages and for attorney fees.**

The Court should strike Plaintiff's request for punitive damages. Compl. at 11:2. Under Washington law, punitive damages are not available unless authorized by statute. *Simmons v. Safeway, Inc.*, 388 F. Supp. 3d 1305, 1319–20 (W.D. Wash. 2019), *rev'd on other grounds and remanded*, 820 F. App'x 579 (9th Cir. 2020), citing *Dailey v. N. Coast Life Ins. Co.*, 129 Wn.2d 572, 575, 919 P.2d 589 (1996). Plaintiff's claim for punitive damages references no statute providing for punitive damages for his claims, and therefore the Court should strike Plaintiff's request for punitive damages.

Plaintiff also asks this court for attorney fees in his prayer for relief. Compl. at 11:2-4. Plaintiff, however, is not an attorney and attorney fees are not awarded to non-attorney pro se plaintiffs. *Granger v. Gill Abstract Corp.*, 566 F. Supp. 2d 323, 332 (S.D.N.Y. 2008). Therefore, Plaintiff's request for attorney's fees is improper and should be stricken from the complaint.

**F.  Plaintiff's facts as pleaded do not show a violation of RCW 80.36.390(2) or (3).**

First, RCW 80.36.390(1)(a) specifically excludes as "telephone solicitation" any "Business-to-business contacts." RCW 80.36.390(1)(d). Here, Plaintiff has pleaded that he placed the 972 phone number in real estate listings of properties for sale by owner, where Defendants found it and telephoned him "three times." Compl. at 3:13-17. He has also described, during the first phone call, the property in question as "an investment property so we're always willing to entertain offers." The Complaint therefore describes a business-to-business call; Plaintiff alleges he made public his phone number regarding an investment property.

RCW 80.36.390(3) provides:

> If, at any time during the telephone contact, the called party states or indicates that he or she does not wish to be called again by the company or organization or wants to have his or her name and individual telephone number removed from the telephone lists used by the company or organization making the telephone solicitation, then:
>
> (a) The company or organization shall not make any additional telephone solicitation of the called party at that telephone number within a period of at least one year…

Plaintiff's alleges that his words during the January 14, 2021 phone call were "sufficient to trigger protection under RCW 80.36.090(3) for the 2 solicitation calls placed to Plaintiff after January 14, 2021." Compl. at 8:14-16. But as pointed out above, Plaintiff did not make a clear and unequivocal request to have his name and number removed, stating "maybe

put us on a, maybe a do not call list." A "maybe" statement is not a clear and unequivocal request. This is not sufficient, and Plaintiff's claim fails.

Next, Plaintiff claims a violation of RCW 80.36.390(2) for failure to "identify the company behind the solicitation and the purpose of the calls within the first 30 seconds" in each of the three calls. Compl. at 8:6-8. RCW 80.36.090(2) provides, "A person making a telephone solicitation must identify him or herself and the company or organization on whose behalf the solicitation is being made and the purpose of the call within the first thirty seconds of the telephone call." In the June 2021 call, Michelle clearly identifies herself, the company, and that she is calling about the sale of a specific property within the first 30 seconds. Plaintiff's claim fails as to this call.

In the first (January 14, 2021) call, the call does not actually begin until several seconds into the audio recording. Sheila identifies herself and that she is calling about the sale of a specific property within the first 30 seconds. She also states that she is from Century21 Northwest by time stamp 0:35, but again, the call does not begin until several seconds into the audio recording. Thus Plaintiff's claim fails as to this call as well.

**G. Plaintiff's request for injunction also fails.**

Plaintiff has requested injunctive relief on three separate grounds. First, he cites to TCPA 47 U.S.C. § 227(c)(5)(A), permitting "an action based on a violation of the regulations prescribed under this subsection to enjoin such violation." However, Plaintiff's complaint alleges only a violation of 47 U.S.C. § 227(c)(5) and not the regulations. Because he has not alleged a violation of the regulations, he is not entitled to the injunctive relief provided under § 227(c)(5)(A).

Next, he requests an injunction under RCW 19.86.090, which provides that a person injured by a violation of specific statutes under the Washington Unfair Business Practices act

"may bring a civil action in superior court to enjoin further violations." Plaintiff has not alleged a violation of any of the relevant statutes under the Unfair Business Practices Act. His claim for injunction under RCW 19.86.090 fails. Furthermore, RCW 19.86.095 requires in relevant part that "[i]n any proceeding in which there is a request for injunctive relief under RCW 19.86.090, the attorney general ["AG"] shall be served with a copy of the initial pleading alleging a violation of this chapter." Plaintiff's Complaint does not state that the AG was served. Without service on the AG, injunctive relieve under RCW 19.86.090 cannot be granted.

Finally, Plaintiff cites to RCW 80.36.390(6), specifically the portion reading: "A person aggrieved by repeated violations of this section may bring a civil action in superior court to enjoin future violations, to recover damages, or both." If his claims under this statute fail, as argued above, then there is no basis to issue an injunction.

**IV.   Conclusion.**

Because Plaintiff has failed to state a claim for which relief can be granted, the Court should dismiss his Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

DATED this 30th day of August, 2021.

                    WESTERN WASHINGTON LAW GROUP. PLLC

                    */s/ Robert J. Cadranell*
                    Dennis J. McGlothin, WSBA No. 28177
                    Robert J. Cadranell, WSBA No. 41773
                    P.O. Box 468
                    Snohomish, WA 98291
                    Tel:   425-728-7296
                    Fax:   425-955-5300
                    Email: robert@westwalaw.com
                             docs@westwalaw.com
                    *Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2021, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF System, which will automatically generate a Notice of Electronic Filing to all parties in the case who are registered users of the CM/ECF System, which includes the Plaintiff. The said Notice of Electronic Filing specifically identifies recipients of electronic notice.

      Executed on August 30, 2021.

*/s/ Robert J. Cadranell*
ROBERT J. CADRANELL, WSBA #41773