Honorable Robert J Bryan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

NATHEN BARTON,

                    Plaintiff

     v.

ASSET REALTY LLC &
PIPELINEPLATFORM.COM LLC

               Defendants.

Case No.: 3:21-cv-05462-RJB

FIRST AMENDED COMPLAINT
FOR A CIVIL CASE AND
INJUNCTIVE RELIEF

Jury Trial: ☒ Yes   ☐ No

## I.      BASIS FOR JURISDICTION

Plaintiff Nathen Barton is a natural person and full-time resident of Clark County, Washington.  All the acts alleged in this complaint occurred in Clark County, Washington State, during the year 2021.

Jurisdiction in this court is correct because of where Plaintiff resides, his residence is a nexus where Plaintiff suffered personal injury and invasion of privacy at the hands of the Defendants, and Plaintiff is suing in part under federal statute the Telephone Consumer Protection Act of 1991, known as the TCPA, giving rise to a lawsuit that may be brought in Federal Court pursuant to *Mims v. Arrow Fin. Services, LLC*.

Last, Defendants were calling to phone solicit Plaintiff regarding some real property located inside the boundary of Clark County, Washington.

## II.    THE PARTIES TO THIS COMPLAINT

Plaintiff Nathen Barton resides at 4618 NW 11th Cir, Camas WA 98607, inside the bounds of Clark County, Washington State.

Defendant Asset Realty LLC ("Asset") is a Washington State company with address 121 Lake Street Suite 201, Kirkland, WA 98033.

Defendant PipelinePlatform.Com LLC ("Pipeline") is a Washington State company with address 121 Lake Street Suite 201, Kirkland, WA 98033.

## III.    STATEMENT OF CLAIM

Plaintiff pays for a cell phone with phone number (972) XXX XXXX and uses it as a normal residential telephone subscriber would.  It is a Protected Computer as it is used in a manner that affects interstate or foreign commerce or communication.

This (972) XXX XXXX number was registered on the FTC do-not-call registry more than 31 days before January 14, 2021, and the three calls alleged in this complaint were all made to this 972-area code number.

Plaintiff has no established business relationship with Asset Realty LLC ("Asset") nor has ever done business with Asset.  Asset is a real estate company founded by Chad Storey with principal office in Kirkland, Washington.

Chad Storey testified in a declaration dated June 17, 2021:

"3. Asset dba Century21 Northwest, is the owner of Pipeline Platform (aka "Pipeline"), which is a software platform and provider of real estate lead management software, real estate referrals, and other real estate related technology solutions."

NATHEN BARTON
4618 NW 11th Cir
Camas WA 98607

"9. People who are trying to sell their real estate on public websites, like Zillow.com or Realtor.com, are making their contact information public.  As a real estate company, we contact these sellers to see whether we can schedule a tour of the property because we have interested buyers."

Pipeline appears to be PipelinePlatform.Com LLC ("Pipeline") with website *pipelineplatform.com*. According to Chad Storey's declaration, Asset and Pipeline are in the business of combing real estate listings for properties being sold by owner, scraping the property owners' contact information, and then Pipeline and/or Asset telephone solicits the owners to sell real estate agent services.

Plaintiff can testify that part of this is certainly true: people from "Century 21 Northwest" have telephone solicited Plaintiff three times.

### Unsolicited telephone call #1

On or about 11:29AM, January 14, 2021, Plaintiff received a phone call from (425) 295-1197.  The call solicited real estate and real estate agent services from "Century 21 Northwest Realty".

Plaintiff alleges that Asset and PipeLine initiated this call to Plaintiff.

The caller did not identify the company behind the call and the purpose of the call within the first 60 seconds of initiating the call.  In the 3 minute and 39 second call, the caller did not ask for a tour of the property.  However, the caller did solicit real estate sales services for Plaintiff's Vancouver Washington property.

The following are a few quotes taken from the call, with the numbers at the start of each quote giving the time stamp of what time each statement was made (minute:second).  The Asset/Pipeline agent spent the vast majority of the call marketing Asset real estate sales services:

0:26 Plaintiff: "If you are calling to sell us something or be our agent, then we are not interested"

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR A CIVIL CASE - 3 / 13
Case No.: 3:21-cv-05462-RJB

NATHEN BARTON
4618 NW 11th Cir
Camas WA 98607

1:02 C21 caller: "What's stopping you from selling this property with an agent?"

1:45 C21 caller: "If I can show you a way to net you more money than you can net on your own, not only that, also there is a shorter amount of time, well then obviously that makes sense to you, right?

3:04 Plaintiff "We would prefer to not be called, and for you to maybe put us on a do not call list"

3:12 C21 caller: "Oh, I see sir, alright then, so, um, let me do that for you sir"

Plaintiff asked for no more calls and to be put on a do not call list, and the Asset/Pipeline caller signaled her understanding and acquiescence of Plaintiff's request.  A complete and accurate recording of this call is at *youtube.com/watch?v=I3hOg7tPS2w*

### Unsolicited telephone call #2

On or about 11:29AM, February 3, 2021, Plaintiff received a phone call from (425) 295-1197.  The call solicited real estate and real estate agent services from "Century 21 Northwest Realty".  The caller did not identify the purpose of the call within the first 60 seconds of initiating the call.

Plaintiff alleges that Asset and PipeLine initiated this call to Plaintiff.

In the 5 minute and 13 second call, the caller did not ask for a tour of the property.  However, the caller did solicit real estate agent services.  The following are a few quotes taken from the call, with the numbers at the start of each quote giving the time stamp of what time each statement was made (minute:second). The Asset/Pipeline agent spent the entire call marketing Asset real estate sales services:

1:15 C21 caller: "If I can show you a way to have your property sold (sic) investors for top dollar without pulling out the renters as it is, then definitely it would make sense to you, right?"

1:51 C21 caller: "May I know why you decide to sell your property by yourself rather than getting a real estate agent?"

3:20 C21 caller: "If I may ask, if you sold this home, um, if you sold this investment, do you have any plans for buying a new one?"

NATHEN BARTON
4618 NW 11th Cir
Camas WA 98607

4:03 Plaintiff: "Honestly we're really, we're just trying to sell a house, we're, we're not really looking to, for any services or real estate agent."

4:18 C21 agent: "Alright, so um do you have any bad experience with an agent?"

A complete and accurate recording of this call is at *https://youtu.be/o7C76W016QQ*

### Small Claims Lawsuit

Plaintiff sued Asset on February 17, 2021, in Clark County Washington Small Claims Court for calls #1 and #2 with case number 21S000079.  Plaintiff obtained a default judgement on March 22, 2021, and April 26, 2021, that judgement was transcribed to the Civil Docket with case number 21C2253-1.

On May 18, 2021, Asset then moved to vacate the judgement and a hearing was scheduled for June 22, 2021.  During that on-the-record court hearing, the Defendant conceded that the Plaintiffs phone number alleged to have received the calls was registered on the FTC *do-not-call-list* more than 30 days before January 14, 2021.

The judge vacated the small claims judgement and Plaintiff moved to dismiss the small claims lawsuit without prejudice in its entirety, and that motion was granted on June 22, 2021.

This small claims lawsuit would put many companies on notice that the Plaintiff didn't want unsolicited telemarketing calls, but Asset/Pipeline are difficult to deter.

### Unsolicited telephone call #3

On or about 4:25PM, June 10, 2021, Plaintiff received a phone call from (425) 209-1691.  The call was initated to solicit real estate services from "Century 21 Northwest Realty".  The caller did not identify the purpose of the call within the first 60 seconds of initiating the call.

Plaintiff alleges that Asset and PipeLine initiated this call to Plaintiff.

In the 4 minute and 19 second call, the caller did not ask for a tour of the property.  The caller made clear the purpose of the call was to solicit real estate sales services.

A complete and accurate recording of this call is at

*youtube.com/watch?v=4Q5WMQjVrHY*

### Commercial Telephone Solicitors

RCW 19.158.050(1) mandates that:

"In order to maintain or defend a lawsuit or do any business in this state, a commercial telephone solicitor must be registered with the department of licensing."

Although RCW 19.158.050(3) says "The department of licensing shall issue a registration number to the commercial telephone solicitor.", in practice this Commercial Telephone Solicitor "registration number" appears as an endorsement on the business license issued by The Washington State Department of Revenue.

Asset and PipeLine sell a variety of services and should be registered as "Commercial telephone solicitors".

Neither Asset nor PipeLine had this endorsement on their business license during the relevant times of this lawsuit, and they acted as unlicensed commercial telephone solicitors.

### Asset/Pipeline Are Annoying the Public

In the underlying State Court judgement case 21C2253-1, Asset claimed their calls were "business-to-business" and exempt from TCPA do-not-call violations.  It is true that the Plaintiff owned an investment property, and as this is a free country, people are free to make an offer of purchase.

Each time Asset/Pipeline called, Plaintiff would not have minded if was to deliver an offer to purchase.  But in three calls and a total of 13 minutes and 11 seconds of phone time, all they wanted to do was market their real estate agent services to him.

This was an annoying waste of time for Plaintiff and is an annoying waste of time for all similarly situated real estate owners.

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR A CIVIL CASE - 6 / 13
Case No.: 3:21-cv-05462-RJB

NATHEN BARTON
4618 NW 11th Cir
Camas WA 98607

Plaintiff has testified in the underlying State Court judgement case 21C2253-1:

> In his entire 44 years of living, at the time of these telemarketing calls, he had
> sold three homes and purchased six homes.

> That is buying, or selling, about one house for every three years of adulthood.

> Plaintiff is not a real estate professional.  Plaintiff does not work in real estate,
> and has never worked in real estate.

> Plaintiff does not have, nor studied for, any real estate related job, license, or
> vocation.

Five of Plaintiff's home purchases were driven by marriages coming (or going), Plaintiff

has never advertised the phone number in question as a business telephone line, and even in a

case where a phone number was advertised to the public as a business telephone line, a court

declined to strip that plaintiff of TCPA protection.  *Savett v. Great Am. Power, LLC*, CASE NO.

1:20 CV 42, 2020 U.S. Dist. LEXIS 130570 (N.D. Oh. July 23, 2020)

## IV.    RELIEF

Plaintiff asked Asset/Pipeline to not be called and to be put on their do not call list.

Plaintiff phone number at issue was at all relevant times registered on the FTC *do-not-call* list

more than 30 days.  Plaintiff does not have any relationship with Asset or Pipeline by which they

could legally solicit Plaintiff for any reason.

### Federal Law Violations

Defendant violated the regulations governing the TCPA, 47 C.F.R § 64.1200, and TCPA

47 U.S.C. 227(c) by soliciting Plaintiff 3 times without his consent on his cell phone with phone

number (972) XXX XXXX while that same phone number was registered on the FTC *do-not-*

*call* list more than 31 days prior to each call.

### Washington State Telemarketing Law

### RCW 19.158.050

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR A CIVIL CASE - 7 / 13
Case No.: 3:21-cv-05462-RJB

NATHEN BARTON
4618 NW 11th Cir
Camas WA 98607

Upon information and belief, Defendants initiated phone calls to Plaintiff with the intent to market an array of real estate services to Plaintiff, including but not limited to real estate agent services.

Upon information and belief, Defendants would have offered additional services like home staging, professional photography and photography retouching, drone photography, 3D walkthrough, magazine-quality home brochures, full motion virtual tours, youtube videos, mortgages, to name a few.

Defendants were not registered as Commercial Telephone Solicitors with the Washington State Department of Licensing when the three solicitation calls were placed to Plaintiff, in violation of RCW 19.158.050(1).

**RCW 19.158.110**

RCW 19.158.110(1) requires:

(1) Within the first minute of the telephone call, a commercial telephone solicitor or salesperson shall:
(a) Identify himself or herself, the company on whose behalf the solicitation is being made, the property, goods, **or services** being sold; (emphasis added)

In the first, second and third solicitation calls initiated by Defendants to Plaintiff, Defendants violated Washington State RCW 19.158.110(1)(a) by not identifying the services being sold in the first 60 seconds of the phone calls.

Washington State RCW 19.158.110(2) says:

If at any time during the telephone contact, the purchaser states or indicates that he or she does not wish to be called again by the commercial telephone solicitor or wants to have his or her name and individual telephone number removed from the telephone lists used by the commercial telephone solicitor:

(a)     The commercial telephone solicitor shall not make any additional commercial telephone solicitation of the called party at that telephone number within a period of at least one year;

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR A CIVIL CASE - 8 / 13
Case No.: 3:21-cv-05462-RJB

NATHEN BARTON
4618 NW 11th Cir
Camas WA 98607

(b)     Terminate the telephone call within ten seconds if the purchaser indicates he or she does not wish to continue the conversation.

In the first solicitation call initiated by Defendants to Plaintiff, Defendants violated Washington State RCW 19.158.110(2)(b) by not terminating the conversation within ten seconds after plaintiff indicated he did not wish to continue the conversation.

In the second and third solicitation calls initiated by Defendants to Plaintiff, Defendants violated Washington State RCW 19.158.110(2)(a) by making additional commercial telephone solicitations to Plaintiff after Plaintiff indicated he did not want to be called again and wanted his telephone number to be placed on the Defendants' *do-not-call* list.

### RCW 19.158.150

Defendants violated Washington State RCW 19.158.150 each time Defendants solicited Plaintiff on his cell phone while they were not registered on with the Washington State Department of Licensing as Commercial Telephone Solicitors, or while working on behalf of an unregistered Commercial Telephone Solicitor.

### RCW 80.36.390

Washington State RCW 80.36.390(2) says

A person making a telephone solicitation must identify him or herself and the company or organization on whose behalf the solicitation is being made **and** the purpose of the call within the first thirty seconds of the telephone call. (emphasis added)

In each of the 3 solicitation calls the Defendants failed to "identify the company behind the solicitation **and** the purposes of the calls with the first 30 seconds of the phone call".

Washington State RCW 80.36.390(3) says

If, at any time during the telephone contact, the called party states or indicates that he or she does not wish to be called again by the company or organization or wants to have his or her name and telephone number removed from the telephone lists used by the company or organization making the telephone solicitation, then:

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR A CIVIL CASE - 9 / 13
Case No.: 3:21-cv-05462-RJB

NATHEN BARTON
4618 NW 11th Cir
Camas WA 98607

(a) The company or organization shall not make any additional telephone solicitation of the called party at that telephone number within a period of at least one year;

Plaintiff alleges that his January 14, 2021 *do-not-call* ("DNC") request is sufficient to trigger protection under RCW 80.36.390(3) for the second and third solicitation calls placed to Plaintiff after January 14, 2021.

**Treble Damages**

Plaintiff believes the record shows that Asset and Pipeline violations of the law were willful or knowing.  On April 13, 2021, Chad Storey testified that:

"The Complaint in this matter alleges that the phone calls at issue originated from phone number 425-295-1197.  This is not a phone number connected either to me or to Asset Realty.  I am wholly unfamiliar with this phone number."

Later in a Motion in the underlying state court case, supported by the declaration of Chad Story dated June 17, 2021, Asset/Pipeline halfway own up to making the calls but claim 'Safe Harbor' protections.

Even while claiming "Safe Harbor", they admit to only checking the FTC *do-not-call* registry "at least once a quarter" when the law requires downloading and scrubbing against the current FTC *do-not-call* in the previous 30 days to making an outbound solicitation call.

And even though Plaintiff's 972 area code phone number at question has been registered on that *do-not-call* list since September 1, 2020, Chad Story testified that:

"Asset has a subscription to the National Do Not Call Registry, and our data team downloads from www.DoNotCall.gov the entire Do Not Call Registry at least once every quarter.  We refresh the existing do-not-call database we maintain with the newly downloaded [FTC do-not-call] database."

"Additionally, we maintain our own internal list of customers who directly request not to be called."

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR A CIVIL CASE - 10 / 13
Case No.: 3:21-cv-05462-RJB

NATHEN BARTON
4618 NW 11th Cir
Camas WA 98607

"I have checked Mr. Barton's phone number of 972-XXX-XXXX [redacted by Plaintiff] against these databases, and it was not registered with the Do Not Call Registry as recently as early June of 2021."

Clearly, if Mr. Storey could not find Plaintiff's (972) number in his current *do-not-call* database, he was using an FTC *do-not-call* database older than September 1, 2020, and his agent on the January 14 phone call did not place Plaintiffs number on the Asset/Pipeline internal do-not-call list like the agent said she did.

Second, Mr. Storey admits they only download (and presumably scrubbed) "at least once a quarter" while the law requires at least within the last 30 days of placing an outbound telemarketing phone call.

The truth is, Asset/Pipeline just call whomever they find listed on *Zillow.com* or *Realtor.com* or whatever other information sources they have access to, and they clearly do not care about scrubbing their outbound telemarketing calls against the FTC *do-not-call* list. Therefore, Plaintiff asks for treble damages under TCPA 47 U.S.C. 227(c)(5), and the presumption that violations of Washington State RCW 19.158 triple damages under the Washington State Unfair Business Practices Act.

**All other Possible Damages**

Plaintiff prays for all possible damages, in law and in equity, statutory and real, that he might be entitled too.  Examples of such damages could be, but are not limited to, court costs, attorney fees, and punitive damages.

**Injunctive Relief**

TCPA 47 U.S.C. 227(c)(5)(A) allows "an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,"

Washington State RCW 80.36.390(6) says:

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR A CIVIL CASE - 11 / 13
Case No.: 3:21-cv-05462-RJB

NATHEN BARTON
4618 NW 11th Cir
Camas WA 98607

A person aggrieved by repeated violations of this section may bring a civil action in superior court to enjoin future violations, to recover damages, or both.

Plaintiff is not unique – he simply had the misfortune to list a property for sale and had his contact information scraped and then telephone solicited.  It is reasonable to believe that Asset and Pipeline have done this many times in the past and will continue harming the residents of this State in the future; as Chad Story has testified:

"People who are trying to sell their real estate on public websites, like Zillow.com or Realtor.com, are making their contact information public.  As a real estate company, we contact these sellers"

this is the Asset and Pipeline business model.

Plaintiff asks this Court to enjoin the Defendants from further violations of State and Federal telemarketing laws.

## V.      CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:              8/30/2021

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR A CIVIL CASE - 12 / 13
Case No.: 3:21-cv-05462-RJB

NATHEN BARTON
4618 NW 11th Cir
Camas WA 98607

1   Signature of Plaintiff          /s/ Nathen Barton

2   Printed Name of Plaintiff       Nathen Barton

3

4

5                      **VI.     CERTIFICATE OF SERVICE**

6       I hereby certify that on August 30, 2021, I electronically filed the foregoing with the

7   Clerk of the Court using the Court's CM/ECF System, which will automatically generate a

8   Notice of Electronic Filing to all parties in the case who are registered users of the CM/ECF

9   System, which includes the Defendant.  The said Notice of Electronic Filing specifically

10  identifies recipients of electronic notice.

11      Executed on August 30, 2021.

12      /s/ Nathen Barton

13  Nathen Barton

14

15

16

17

18

19

20

21

22

23

24  PLAINTIFF'S FIRST AMENDED COMPLAINT FOR A CIVIL CASE - 13 / 13        NATHEN BARTON
    Case No.: 3:21-cv-05462-RJB                                          4618 NW 11th Cir
                                                                         Camas WA 98607